## Batten, Assignee, v. Jurist et ux.

*Buckman & Buckman*, for exceptant.

*Wolf, Block, Schorr & Solis-Cohen*, contra.

MARTIN, P. J., Nov. 28, 1930.—Nine exceptions have been filed to the auditor's report, and one exception to his supplemental report distributing a balance realized upon a sheriff's sale and paid into court. The exceptions to the auditor's report raise two questions: First, the soundness of the auditor's

findings respecting advances claimed to have been made by the mortgagee, and the present status of those advances; and, secondly, the conclusions of the auditor giving priority of lien to the advances over a subsequent lien creditor.

On June 4, 1917, Louise S. Jurist, joined by her husband, executed a mortgage for $13,000, secured upon No. 1308 North Broad Street, in the City of Philadelphia, to Henry G. Freeman, Jr. The mortgage was foreclosed and the premises were sold by the sheriff.

On June 7, 1917, Louise S. Jurist, joined by her husband, executed a mortgage on the premises to Florentine S. Sutro, to secure a debt of $5000, evidenced by a note, and "all further advances that may hereafter be made to the said Louise S. Jurist." This mortgage was recorded on Aug. 20, 1918.

From Sept. 14, 1917, until May 21, 1920, Florentine S. Sutro advanced to Louise S. Jurist ten additional sums, aggregating $15,000, evidenced by promissory notes, which are unpaid.

On June 7, 1917, Louise S. Jurist was indebted to the Northwestern National Bank and Trust Company in the sum of $1470. This indebtedness was increased, and reduced to judgment on Sept. 25, 1929.

The exceptant contends that the auditor should not have found that the ten additional loans, aggregating $15,000, were made by Florentine S. Sutro to Louise S. Jurist, and that these loans are unpaid. The notes evidencing the loans are in the possession of Mrs. Sutro, or her husband, and Mr. Sutro, who managed the business affairs of Mrs. Sutro, testified that the loans were made and are unpaid. The exceptant depended in large measure upon written representations by Mrs. Jurist given in July, 1922, in which the mortgage indebtedness on the premises was stated to be $18,000, which included the $13,000 first mortgage.

The auditor's finding is based upon ample evidence. The written statement made by Mrs. Jurist in 1922 was hearsay so far as concerns Florentine S. Sutro. Mrs. Sutro was not a party to it and had no knowledge of the statement.

The second question raised by the exceptions is whether or not the auditor rightly distributed the balance to the Florentine S. Sutro mortgage.

The mortgage provided for future advances. The last advance was made on May 21, 1920. The lien of the exceptant dates from Sept. 25, 1929.

The auditor concluded that the balance of the fund was payable to the Florentine S. Sutro mortgage in preference to the lien of the exceptant. His conclusion is supported by reason and authority.

In Lyle v. Ducomb, 5 Binney, 585, a mortgage for future advances was held to take priority over a lien for work and materials furnished in the erection of a building, even though some of the advances were subsequent to the commencement of the building, under the then existing law, which provided that a lien for work and materials dated back to the commencement of the work.

In Moroney's Appeal, 24 Pa. 372, a mortgage to secure future advances, dependent upon a collateral agreement not specified in the mortgage, was held good.

In Taylor v. Cornelius, 60 Pa. 187, it was held that where there is no personal assumption of liability on the part of the mortgagee to make the future advances, they would date from the time when actually made, and be postponed to a lien prior in date to the time of making the advances. The rule laid down in this last decision has been followed in Land Title & Trust Co. v. Shoemaker, 257 Pa. 213, and Moats v. Thompson, 283 Pa. 313, 320, 321.

The auditor was right in reaching his conclusions and directing payment of the fund to the Florentine S. Sutro mortgage.

The only exception to the supplemental report of the auditor is to the conclusion recommending the dismissal of the exceptions to his report. It follows that this exception must be dismissed.

And now, Nov. 28, 1930, the nine exceptions filed to the report of the auditor, distributing the balance paid into court in the above proceeding, are overruled and dismissed, and the exception to the supplemental report of the auditor is overruled and dismissed. The report of the auditor is confirmed absolutely, and the fund of $16,339.76 decreed to be paid to Florentine S. Sutro, the claimant, subject to payment of the auditor's fee of $500 and the costs of the suit.